FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 23 2015 ★

BROOKLYN OFFICE

FILED
CLERK

2015 JAN 23 PM 12: 21

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

LORETTE MYRICKS, as mother and
natural guardian of M.A.,

                              Plaintiff(s),

- against -

GERTUDES JACINTO-FRANCISCO and
NEW YORK CITY HEALTH AND
HOSPITALS CORPROATION,

                              Defendant(s).

-----------------------------------------------------X

Civil Action No.:

CV 15          0373

(VITALIANO, J.)

(_____M.J.)

**NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NEW YORK:

       PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State of

New York, County of Kings, has been removed to the United States District Court for the Eastern

District of New York.

       LORETTA E. LYUNCH, United States Attorney for the Eastern District of New

York, by Charles S. Kleinberg, Assistant United States Attorney, of counsel, respectfully states

the following facts upon information and belief:

       1.  The above-captioned action was commenced in the Supreme Court of the State

of New York, County of Kings, Index No. 10238 / 2014, and names as defendants GERTUDES

JACINTO-FRANCISCO MD and NEW YORK CITY HEALTH AND HOSPITALS

CORPORATION. See Complaint, dated July 2, 2014, and annexed hereto as Exhibit A.

2.     The state court action alleges medical malpractice by defendants in their diagnosis and treatment of plaintiff M.A. during September 2013.  See id.

3.  At all relevant times articulated in the complaint, Dr. Jacinto-Francisco was an employee of Joseph P. Addabbo Family Health Center, an approved delivery site (clinic) under the Federally Supported Health Center and Assistance Act.  See Declaration of Meredith Torres, attached hereto as Exhibit B.

4.     Pursuant to Section 224(h) of the Public Health Service Act, 42 U.S.C. 233, as amended by the Federally Supported Health Centers Assistance Act, Pub. L. 104-73, the actions of Dr. Jacinto-Francisco, as an employee of a delivery site of Federally Supported Health Care, are encompassed under the Federal Tort Claims Act because they are deemed to be the actions of an employee of the Federal Government.  See Exh. B at ¶¶ 5-6.

5.     Pursuant to 28 U.S.C. § 2679(d) and 1442(a)(1), this action may be removed to this Court because the complaint asserts claims against the United States of America, by way of Dr. Jacinto-Francisco, and purports to raise matters under federal law.

6.     Pursuant to 28 U.S.C. § 2679, the United States is substituted as the party defendant for defendant Dr. Jacinto-Francisco.

7.     Pursuant to 28 U.S.C. §§ 2408, 2679 (2), the United States may remove this action without a bond.

8.     The United States Attorney's Office has not yet been served with the summons and complaint in this action.

WHEREFORE, it is respectfully requested that the above-captioned action that is pending in the Supreme Court for the State of New York, County of Kings be removed to this

Court; and

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the

Clerk of the Court, Supreme Court of the State of New York, County of Kings, shall affect the

removal and the local court shall proceed no further with respect to the action, unless and until

the case is remanded.

Dated: Brooklyn, New York
      January 23, 2015

                         Respectfully submitted,

                         LORETTA E. LYNCH
                         United States Attorney
                         Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201

        BY:                      
                         CHARLES S. KLEINBERG
                         Assistant United States Attorney
                         (718) 254-6012

TO:    <u>Via Hand Delivery</u>
       Clerk of Court
       Supreme Court of the State of New York
       County of Kings
       360 Adams Street
       Brooklyn, NY 11201

       <u>Via Certified Mail and Return Receipt</u>
       AnnaMarie Bondi-Stoddard, Pegalis and Erickson
       *Attorney for Plaintiff(s)*
       1 Hollow Lane, Suite 107
       Lake Success, New York 11042

       Coney Island Hospital
       2601 Ocean Parkway
       Brooklyn, New York 11220
       Attn: Risk Management

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-----------------------------------------------------------------X
LORELLE MYRICKS, individually and as mother and
natural guardian of MADDISON ALICEA,

                                        Plaintiff,

                - against -
GERTRUDES JACINTO-FRANCISCO, M.D. and
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                        Defendants,

-----------------------------------------------------------------X

Index No. 10238/204

Date of Purchase: 7/14/14

Plaintiff designates
Kings County as the
place of trial

The basis of the venue
is location of defendant.

**SUMMONS**

*Plaintiff resides at:*
335 Bayview Avenue
Inwood, NY 11096
County of Nassau

To the above named Defendant:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    Lake Success, New York
          July 2, 2014

Defendants' Address:
**GERTRUDES  JACINTO-FRANCISCO,
M.D.
WOMEN'S  HEALTH  &  MEDICAL
OFFICE
153 KINGS HIGHWAY
BROOKLYN, NY 11223**

**NEW  YORK  CITY  HEALTH  AND
HOSPITALS CORPORATION
125 WORTH STREET
NEW YORK, NEW YORK 10013**

**PEGALIS & ERICKSON, LLC**
By: _Annamarie Bondi-Stoddard_
**ANNAMARIE BONDI-STODDARD
Attorneys for Plaintiff
1 Hollow Lane, Suite 107
Lake Success, New York  11042
(516) 684-2900**

RECEIVED
JUL 2 3 2014
BY:_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
LORELLE MYRICKS, individually and as mother
and natural guardian of MADDISON ALICEA,

Index No. 10238/2014

Date of Purchase: 7/14/14

**VERIFIED**
**COMPLAINT**

Plaintiff,

-against-

GERTRUDES JACINTO-FRANCISCO, M.D. and
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

Defendants.
------------------------------------------------------------X

Plaintiff, as and for her Verified Complaint, respectfully alleges as follows upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE INFANT PLAINTIFF:

1.     At all times hereinafter mentioned, the defendant, **GERTRUDES JACINTO-FRANCISCO, M.D.**, was and still is a medical doctor duly licensed to practice her profession in the State of New York specializing in obstetrics and gynecology.

2.     That the **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION** was and still is a municipal corporation duly existing pursuant to the laws of the State of New York.

3.     That Coney Island Hospital was and still is a hospital corporation or other entity which is owned, operated, maintained, managed and controlled by the **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**.

4.     That **LORELLE MYRICKS** was and still is the mother and natural guardian of **MADDISON ALICEA**.

5.     That on or about July 23, 2013, the infant plaintiff was born at Coney Island Hospital.

6.     That the obstetrical mother received obstetrical care at Coney Island Hospital during the pregnancy which resulted in the birth of the infant plaintiff, **MADDISON ALICEA.**

7.     That plaintiff duly served a Notice of Claim upon **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION** on or about September 23, 2013.  Plaintiff has duly complied with the pre-requisites for filing suit and said claim remains unpaid and unsatisfied. More than 30 days has elapsed from the filing of said Notice of Claim.

8.     That the obstetrical management, labor and delivery of the infant plaintiff and the after care were performed in a negligent and careless manner in allowing, causing and permitting significant and serious permanent injury and damage to the infant plaintiff herein.

9.     That the injuries and damages sustained by the infant plaintiff as set forth herein were avoidable by the exercise of due, reasonable and proper medical care without the infant plaintiff or the infant plaintiff's obstetrical mother being contributorily negligent in any manner.

10.     That by reason of the above premises, the amount of damages sustained by the infant plaintiff in this action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

11.     That by reason of the above premises, the infant plaintiff has sustained serious personal injury and pecuniary loss all to her damage in a substantial sum of money to be determined by a Court and jury.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF:

12.     The plaintiff repeats, reiterates and realleges each and every allegation set forth in the First Cause of Action, as if set forth in full herein.

13.     That at no time prior to the occurrence, nor on the date of the occurrence was the infant plaintiff's mother ever advised, either orally or in writing, of the possible risks and dangers

2

nor the possibility of permanent damage to the infant plaintiff's body with regard to the care being rendered to her and to the infant nor was the infant's mother ever advised that the infant plaintiff may suffer severe and significant personal damages and had the defendants or any of their agents, servants, employees and/or associates informed or advised the infant's mother of the possible risks and dangers involved, the infant plaintiff's mother herein would not have been lulled into a false sense of security and would never have consented to the treatment rendered to the infant and to her self, all of which resulted in damages to the infant herein.

14.     By reason of the above premises, the medical care and treatment rendered and afforded to the infant plaintiff was without first obtaining an informed consent and, as such, the infant plaintiff has been damaged in the amount and manner aforesaid in a substantial sum of money to be determined by a Court and jury, in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, LORELLE MYRICKS:

15.     The plaintiff repeats, reiterates and realleges each and every allegation set forth in the First Two Causes of Action as is set forth in full herein.

16.     That by reason of the carelessness and negligence of the defendants, individually, jointly and severally and through their agents, servants, employees and/or associates, the plaintiff, **LORELLE MYRICKS**, has been deprived of the services of the infant plaintiff, **MADDISON ALICEA**, and have been and will be obliged to expend sums of money for her medical care and treatment.

14.     By reason of the foregoing, the plaintiff, **LORELLE MYRICKS**, individually, has been damaged in a substantial sum of money to be determined by a Court and jury in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

3

WHEREFORE, the plaintiff demands judgment of the defendants in the First Three Causes of Action in a substantial sum of money to be determined by a Court and jury together with costs and disbursements of this action.

Dated: Lake Success, New York
      July 2, 2014

                                        Yours, etc.

                                        PEGALIS & ERICKSON, LLC
                                        1 Hollow Lane, Suite 107
                                        Lake Success, New York 11042
                                        (516) 684-2900

4

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                 ss:
COUNTY OF NASSAU )

      **ANNAMARIE BONDI-STODDARD**, an attorney admitted to practice in the Courts of the State of New York, affirms the following under the penalties of perjury:

      That affirmant is a member of the law firm of **PEGALIS & ERICKSON, LLC**, the attorneys of record for the Plaintiff in the within action; that affirmant has read the foregoing **SUMMONS AND VERIFIED COMPLAINT,** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters affirmant believes them to be true.

      Affirmant further states that the reason this Verification is made by affirmant and not by Plaintiff is that Plaintiff does not presently reside in the county wherein your affirmant maintains her office.

      The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge is the Plaintiff and various reports.

Dated:        Lake Success, New York
             July 2, 2014

                                      **ANNAMARIE BONDI-STODDARD**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X    Index No.
LORELLE MYRICKS, individually and as mother
and natural guardian of MADDISON ALICEA,                              **CERTIFICATE OF**
                                                                     **MERIT**

                                              Plaintiff,

                -against-

GERTRUDES JACINTO-FRANCISCO, M.D. and
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                              Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK)
                                     ss:
COUNTY OF NASSAU )


        **ANNAMARIE BONDI-STODDARD,** an attorney duly admitted to practice before the

Courts of the State of New York, deposes and says:

        1. That I am a member of the law firm of **PEGALIS & ERICKSON, LLC,** attorneys of

record for the plaintiff in the above-captioned matter.  I am fully familiar with the facts and

circumstances of this matter by virtue of the file maintained by my office.

        2. That I have reviewed the facts of the case with a physician who is duly licensed to

practice medicine and who, I believe, is knowledgeable in the relevant issues involved in the

case.

        3. As a result of the aforementioned review, I have concluded that there is a reasonable

basis for the commencement of this malpractice action.


                                                        _Annamarie Bondi-Stoddard_
                                                        **ANNAMARIE BONDI-STODDARD**

Sworn to before me this
2nd day of July, 2014
_Bonnie J. Christensen_
NOTARY PUBLIC


            BONNIE J. CHRISTENSEN
        Notary Public, State of New York
                No. 01CH6008118
            Qualified In Nassau County
        Commission Expires June 8, 2018

SUPREME ~~COURT~~ ~~OF~~ ~~THE~~ ~~STATE~~ ~~OF~~ NEW YORK
COUNTY OF KINGS

LORELLE MYRICKS, individually and mother and natural
Guardian of MADDISON ALICEA,

Plaintiffs,

- against -

GERTRUDES JACINTO-FRANCISCO, M.D. and NEW YORK
CITY HEALTH AND HOSPITALS CORPORATION,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**PEGALIS & ERICKSON, LLC**
*Attorneys for Plaintiff(s)*

1 HOLLOW LANE
SUITE 107
LAKE SUCCESS, NEW YORK 11042
(516) 684-2900
(212) 517-9995
(718) 567-7171

To

_____
Attorney(s)  for

Service of a copy of the within                    is hereby admitted.

Dated, _____

_____
Attorney(s)  for

ALL-STATE INTERNATIONAL, INC.

---

PLEASE TAKE NOTICE

☐ *that the within is a (certified) true copy of a*
*entered in the office of*
*the clerk of the within named Court on*

☐ *that an Order of which the within is a true copy*
*will be presented for settlement to the*
*Honorable                    one of*
*the judges of the within named Court, at*
*on*
*, at*

Dated: _____

**PEGALIS & ERICKSON, LLC**
*Attorneys for Plaintiff(s)*

1 HOLLOW LANE
SUITE 107
LAKE SUCCESS, NEW YORK 11042

*Pursuant to 22 NYCRR 130.1.1-a, the undersigned, an attorney ad-*
*mitted to practice in the courts of New York State, certifies that,*
*upon information and belief and reasonable inquiry, (1) the*
*contentions contained in the annexed document are not frivolous*
*and that (2) if the annexed document is an initiating pleading, (i) the*
*matter was not obtained through illegal conduct, or that if it was,*
*the attorney or other persons responsible for the illegal*
*conduct are not participating in the matter or sharing in any fee*
*earned therefrom and that (ii) if the matter involves potential claims*
*for personal injury or wrongful death, the matter was not obtained*
*in violation of 22 NYCRR 1200.41-a.*

Dated: _____

_____
*Print signer's name*

**PEGALIS & ERICKSON, LLC**
*Attorneys for Plaintiff(s)*

1 HOLLOW LANE
SUITE 107
LAKE SUCCESS, NEW YORK 11042

To

_____
Attorney(s)  for



NEW ... NY
MAY 18
2014

Gertrudes Jacinto-Francisco M.D.
Women's Health & Medical Office
153 Kings Highway
Brooklyn, NY 11223

111223841029

Delta Court Service, Inc.
87-67 146th Street
Jamaica, New York 11435
718-739-9020

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lorelle Myricks, Individually and as mother and natural guardian of Maddison Alicea, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| Gertrudes Jacinto-Francisco, M.D., and New York City Health and Hospitals Corporation, | ) ) ) ) |
| Defendants. | ) ) |

DECLARATION OF
MEREDITH TORRES

1.    I am a Senior Attorney in the General Law Division, Office of the General

Counsel, Department of Health and Human Services (the "Department").   I am familiar

with the official records of administrative tort claims maintained by the Department as

well as with the system by which those records are maintained.

2.    The Department has a Claims Branch that maintains in a computerized

database a record of administrative tort claims filed with the Department, including

those filed with respect to federally supported health centers that have been deemed to

be eligible for Federal Tort Claims Act malpractice coverage.

3.   As a consequence, if a tort claim had been filed with the Department with respect to the Joseph P. Addabbo Family Health Center, Inc., its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4.   I caused a search of the Claims Branch's database to be conducted and found that on December 12, 2013, two administrative tort claims were presented to the Agency by attorneys located at *Pegalis & Erickson, LLC*, on behalf of Lorelle Myricks, Individually and as mother and natural guardian of Maddison Alicea relating to the Joseph P. Addabbo Family Health Center, Inc., and Dr. Gertrudes Jacinto-Francisco, M.D. To date, no final determination in referenced to these two administrative tort claims has been issued by the Agency.

5.   I have also reviewed official agency records and determined that the Joseph P. Addabbo Family Health Center, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 1996, and that its coverage has continued without interruption since that time.   The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services

-3-

Administration, Department of Health and Human Services, to the Joseph P. Addabbo

Family Health Center, Inc., are attached to this declaration as Exhibit 1.

6.    Official agency records further indicate that Gertrudes Jacinto-Francisco

M.D., was an employee of the Joseph P. Addabbo Family Health Center, Inc., at all times

relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct.    28

U.S.C. § 1746.

Dated at Washington, D.C., this 19th day of December, 2014.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

# EXHIBIT C

SUPREME COURT OF THE STATE OF
NEW YORK, COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LORETTE MYRICKS, as mother/natural guardian of M.A.

                                **CERTIFICATION**

                Plaintiffs,               Index No. 10238/14

        v.

GERTUDES JACINTO-FRANCISCO  and
NEW YORK CITY HEALTH AND
HOSPITALS CORPROATION,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      By virtue of the authority vested in this office by the Attorney General under 28 C.F.R. §

15.3, it is hereby certified that, on the basis of the information now available with respect to the

incidents referred to in the above-captioned Summons and Complaint, the defendant

GERTRUDES JACINTO-FRANCISCO, M.D. was acting within the scope of her employment as

an employee of the United States of America, and the UNITED STATES OF AMERICA is hereby

substituted as a party defendant pursuant to 28 U.S.C. § 2679(d) for defendant Gertrudes

Jacinto-Francisco, M.D.

Dated: Brooklyn, New York
       January 23, 2015

                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York 11201

           BY:

                                    CHARLES S. KLEINBERG
                                    Assistant United States Attorney
                                    (718) 254-6012